IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>     Plaintiff,  )<br>  )<br>v.   )<br>  )<br>JABIN ALLEN WHITLOW,  )<br>  )<br>     Defendant.  )<br>_____ ) | Case No. CR-02-79-S-BLW<br><br>**MEMORANDUM DECISION<br>AND ORDER** |

Pending before the Court are Defendant's Motion for New Trial (Docket No. 1044), Motion to Arrest Judgment (Docket No. 1059), and Motion for New Trial and Release on Bail (Docket No. 1060).

The Court, having reviewed the record and being otherwise fully informed, enters the following Order.

## BACKGROUND

Defendant was sentenced before this Court on June 19, 2003.  *See* Judgment, Docket No. 862.  Defendant subsequently appealed his conviction and sentence to the Ninth Circuit Court of Appeals.  The Ninth Circuit affirmed his conviction except as to the failure to dismiss the conspiracy charge in Count I of the Superseding Indictment.  *See* Docket Nos. 1038 and 1039.  The Ninth Circuit

**Memorandum Decision and Order - 1**

remanded the case to this Court for resentencing in light of (1) *United States v. Ameline*, 409 F. 3d 1073, 1084-85 (9th Cir. 2005) (en banc), and (2) the dismissal of Count I of the Superseding Indictment. *Id.* The Court thereafter entered an Order (Docket No. 1042) explaining the procedure that was to be followed on remand. Defendant filed the motions *pro se* before counsel was appointed to represent him at resentencing.

## APPLICABLE LAW AND DISCUSSION

### A.     Motion Under 60(b)(3)

Shortly after the remand, Defendant, filed this Motion seeking a new trial on the grounds of fraud during the grand jury process. It is not clear to the Court whether Defendant filed the Motion in response to or independent of the remand Order. What is clear under *Ameline* is that the remand is for the limited purpose of resentencing and the subsequent entering of an amended judgment.

Defendant's Motion seeks a new trial under Fed. R. Civ. P. 60(b). The Federal Rules of Civil Procedure may be applied to proceedings under 28 U.S.C. § 2255. *See* Rule 12 of Rules Governing § 2255 Proceedings. Since there is no pending § 2255 proceeding, the Federal Rules of Civil Procedure are not applicable. Rule 33 of the Federal Rules of Criminal Procedure is the proper rule under which to move for a new trial in a criminal case. However, a motion for new

**Memorandum Decision and Order - 2**

trial under than rule, unless it is based on newly discovered evidence, must be filed within seven (7) days after a verdict is entered.  *See* Fed. R. Crim. P. 33(b)(2).  Clearly, Defendant's motion is untimely under that rule.

Defendant's motion is actually a challenge to his conviction based on misconduct during the grand jury proceedings and is more properly construed as a § 2255 motion.  However, the Court will not treat it as such because the district court may not consider a § 2255 motion until direct appellate review is exhausted.  *United States v. Pirro,* 104 F.3d 297, 298 (9th Cir. 1997); *Feldman v. Henman*, 815 F.2d 1318, 1321 (9th Cir. 1987).  When the Ninth Circuit partially reverses a conviction and remands the case to the district court for resentencing, the judgment does not become final, and the statute of limitations on § 2255 motions does not begin to run, until the district court has entered an amended judgment and the time for appealing that judgment has passed.  *See United States v. LaFramboise*, No. 03-35853, 2005 WL 2767102, at *4 (9th Cir. October 26, 2005) (citing *United States v. Colvin*, 204 F.3d 1221, 1226 (9th Cir. 2000)).

### B. Motion to Arrest Judgment

Defendant seeks a new trial based on defects in the indictment and *United States v. Booker*, 125 S. Ct. 738 (2005).  For the reasons stated above, this Motion is untimely as a Rule 33 motion and premature as a § 2255 motion.

**Memorandum Decision and Order - 3**

### C. Motion for New Trial and Release on Bail

In this Motion, Defendant moves under Federal Rule of Criminal Procedure 33(a) on the grounds that the dismissal of his conspiracy charge on appeal constituted newly discovered evidence. He reasons that without the prejudicial testimony regarding the conspiracy charge, there would have been insufficient evidence to convict on the remaining charges. This clearly is not "newly discovered evidence" under the Rule.

### D. Conclusion

For the foregoing reasons, the Court denies all of Defendant's pending motions. The Court recognizes from Defendant's Memorandum (Docket No. 1061) that Defendant filed these motions *pro se* because of his understanding that his attorney had withdrawn. The Court has since appointed counsel to represent Defendant in his resentencing. To the extent that the above motions were intended as a response to the Court's Order for a brief regarding resentencing, the Court advises that it is defense counsel's responsibility to respond. Defendant shall not file any further *pro se* pleadings while represented by his court-appointed counsel. To the extent that the above motions were intended to challenge his sentence, Defendant is advised that after the Court resentences him and enters an amended judgment, he will have an opportunity to challenge the new sentence on direct

appeal and collaterally under § 2255.  *LaFramboise* at *3.

## ORDER

NOW THEREFORE IT IS HEREBY ORDERED that Defendant's Motion for New Trial (Docket No. 1044), Motion to Arrest Judgment (Docket No. 1059), and Motion for New Trial and Release on Bail (Docket No. 1060) are DENIED.

IT IS FURTHER HEREBY ORDERED that Defendant shall refrain from filing any further pleadings in this matter.  All pleadings shall be filed by his court-appointed counsel.

DATED:  **November 21, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court